1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

      Plaintiff,

  v.

LENNON RAY HESSDORFER,

      Defendant.

_____

)
)
)
)
)
)
)
)
)
)
)
)

NO. CR-08-2023-LRS

**MEMORANDUM OPINION**

     A sentencing hearing was conducted in this matter on October 16, 2008. Donald E. Kresse, Esq., appeared on behalf of the Government. Ben Hernandez, Esq., appeared on behalf of the Defendant.

     During the hearing, counsel agreed that the court could consider an Affidavit of Probable Cause which had been filed in Snohomish County Superior Court, Case Number 97-1-02924, in connection with Defendant's conviction pursuant to RCW 10.99.040 for violating a domestic no contact order by intentionally assaulting another person. An uncertified copy of the Affidavit of Probable Cause is appended as an exhibit to this memorandum opinion and has been made part of the record in the captioned matter. Although counsel for Defendant consented to the court's consideration of the Affidavit, he maintained his objection that the record, including the Affidavit (which had not been presented by the United States), did not support a finding that the aforementioned Snohomish County conviction was for a "crime of violence" as defined in U.S.S.G. §4B1.2(a).

**MEMORANDUM OPINION -     1**

1    For the reasons it provided during the sentencing hearing, and employing a

2    modified categorical analysis, the court finds that the record, including the

3    Affidavit of Probable Cause, supports the conclusion that Defendant's conviction

4    was for a "crime of violence."

5        Pursuant to a modified categorical approach , the court may examine

6    statements of the factual basis of the charge, including a charging document, a

7    transcript of the plea colloquy, a written plea agreement presented to the court, "or

8    a record of comparable findings of fact adopted by the defendant upon entering the

9    plea." *Shepard v. United States*, 544   U.S. 13, 20-21, 125 S.Ct. 1254 (2005). at

10   20-21.  See also *Fernandez-Ruiz v. Gonzalez*, 466 F.3d 1121, 1132 (9th Cir. 2006)

11   (under this approach, the court considers whether any of a limited set of specific

12   documents, including "the state charging document, a signed plea agreement, jury

13   instructions, guilty pleas, transcripts of a plea proceeding and the judgment," show

14   the petitioner's conviction entailed an admission to, or proof of, the necessary

15   elements of a crime of violence).  "[D]ocuments used to satisfy a modified-

16   categorical analysis must meet a 'rigorous standard.'" *United States v. Navidad-

17   Marcos*, 367 F.3d 903, 908 (9th Cir. 2004).  "'[M]ight simply cannot be enough."

18   *Id*. The government must demonstrate that the record "unequivocally establishes

19   that the defendant was convicted of" a "crime of violence." *Id*.

20       In his "Statement Of Defendant On Plea Of Guilty" filed in Snohomish

21   County Superior Court, the Defendant indicated as follows:  "On or about

22   December 9, 1997 in Snohomish County, WA I did push Sheri Keith, which is an

23   assault, in violation of a no contact order that I knew existed and was valid."  (Ex.

24   B to Ct. Rec. 30 at p. 11).  This alone does not "unequivocally" establish that the

25   Defendant was convicted of" a "crime of violence" because the "push" referred to

26   could just as well have amounted to no more than an unlawful "offensive"

27   touching which did not involve use of substantial physical force,  nor serious

28   potential risk of physical injury.  See *United States v. Sandoval*, 390 F.3d 1077,

**MEMORANDUM OPINION  -    2**

1081 (9th Cir. 2004) (under the categorical approach, Third Degree Assault does not qualify as a "crime of violence," as that term is defined in U.S.S.G. §4B1.2, because under Washington law, it is possible to commit Third Degree Assault "through an unlawful touching that does not involve substantial physical force or seriously risk physical injury").  In Washington, there are three common law definitions of assault, one of which is intentional touching, striking, cutting, or shooting of another person, with unlawful force, that is harmful or offensive regardless of whether any physical injury is done to the person.  *State v. Smith*, 159 Wn.2d 778, 781, 154 P.3d 873 (2007); Washington Criminal Pattern Jury Instruction 35.50.

The Affidavit of Probable Cause appended hereto is referred to in the "Plea Agreement" which the Defendant signed in conjunction with his conviction under RCW 10.99.040.  In the "Plea Agreement," a box is checked next to Paragraph 2B "Sentencing Facts" which states:  "Facts to be considered for imposing a standard range sentence are as set forth in the affidavit(s) of probable cause filed herein." (Ex. B to Ct. Rec. 30 at p. 13).  An "Appendix C To Plea Agreement" says the identical thing at Paragraph B which is also "checked."  (*Id*. at p. 16).  A "Plea Agreement" is one of the enumerated court documents the court can rely upon to show a conviction entailed an admission to, or proof of, the necessary elements of a "crime of violence."  Here, the Affidavit of Probable Cause was incorporated by reference into the "Plea Agreement" with the consent of the Defendant who agreed that the facts contained in the affidavit could be used for the purpose of sentencing him in Snohomish County Superior Court.  The Affidavit is "a record of comparable findings of fact adopted by the defendant upon entering the plea."  The Affidavit unequivocally establishes that Defendant was convicted of a "crime of violence" involving use of substantial physical force or serious risk of physical injury

Accordingly,  Defendant's Base Offense Level is 20 pursuant to U.S.S.G.

**MEMORANDUM OPINION  -    3**

§2K2.1(a)(4)(A), and his Total Offense Level is 17 after a three level reduction for acceptance of responsibility pursuant to U.S.S.G. §3E1.1.  The resulting guideline range is 30-37 months based on a Criminal History Category of III.

The District Court Executive shall provide copies of this Memorandum Opinion to counsel and to the U.S. Probation Office.

**DATED** this    16th    day of October, 2008.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
United States District Judge

**MEMORANDUM OPINION  -      4**