FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

OCT 20 2008

JAMES R. LARSEN, CLERK
_____ DEPUTY
YAKIMA, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,           )
                                    )   NO. CR-08-2023-LRS
          Plaintiff,                )
                                    )   **AMENDED MEMORANDUM**
                                    )   **OPINION**
                                    )
     v.                             )
                                    )
LENNON RAY HESSDORFER,              )
                                    )
          Defendant.                )
_____)

A sentencing hearing was conducted in this matter on October 16, 2008. Donald E. Kresse, Esq., appeared on behalf of the Government. Ben Hernandez, Esq., appeared on behalf of the Defendant.

During the hearing, counsel agreed that the court could consider an Affidavit of Probable Cause which had been filed in Snohomish County Superior Court, Case Number 97-1-02924, in connection with Defendant's conviction pursuant to RCW 10.99.040 for violating a domestic no contact order by intentionally assaulting another person. An uncertified copy of the Affidavit of Probable Cause is appended as an exhibit to this memorandum opinion and has been made part of the record in the captioned matter.[1] Although counsel for Defendant consented to the court's consideration of the Affidavit, he maintained

---

[1] The Affidavit of Probable Cause is referred to in the Pre-Sentence Report at Paragraph 61. At the request of the court, the author of the Pre-Sentence Report supplied the court with a copy of the Affidavit.

**MEMORANDUM OPINION -        1**

his objection that the record, including the Affidavit (which had not been presented by the United States), did not support a finding that the aforementioned Snohomish County conviction was for a "crime of violence" as defined in U.S.S.G. §4B1.2(a).

For the reasons it provided during the sentencing hearing, and employing a modified categorical analysis, the court finds that the record, including the Affidavit of Probable Cause, supports the conclusion that Defendant's conviction was for a "crime of violence."

Pursuant to a modified categorical approach, the court may examine statements of the factual basis of the charge, including a charging document, a transcript of the plea colloquy, a written plea agreement presented to the court, "or a record of comparable findings of fact adopted by the defendant upon entering the plea." *Shepard v. United States*, 544 U.S. 13, 20-21, 125 S.Ct. 1254 (2005). See also *Fernandez-Ruiz v. Gonzalez*, 466 F.3d 1121, 1132 (9th Cir. 2006) (under this approach, the court considers whether any of a limited set of specific documents, including "the state charging document, a signed plea agreement, jury instructions, guilty pleas, transcripts of a plea proceeding and the judgment," show the petitioner's conviction entailed an admission to, or proof of, the necessary elements of a crime of violence). "[D]ocuments used to satisfy a modified-categorical analysis must meet a 'rigorous standard.'" *United States v. Navidad-Marcos*, 367 F.3d 903, 908 (9th Cir. 2004). "'[M]ight simply cannot be enough." *Id.* The government must demonstrate that the record "unequivocally establishes that the defendant was convicted of" a "crime of violence." *Id.*

In his "Statement Of Defendant On Plea Of Guilty" filed in Snohomish County Superior Court, the Defendant indicated as follows: "On or about December 9, 1997 in Snohomish County, WA I did push Sheri Keith, which is an assault, in violation of a no contact order that I knew existed and was valid." (Ex. B to Ct. Rec. 30 at p. 11). This alone does not "unequivocally" establish that the

**MEMORANDUM OPINION -    2**

Defendant was convicted of" a "crime of violence" because the "push" referred to could just as well have amounted to no more than an unlawful "offensive" touching which did not involve use of substantial physical force, nor serious potential risk of physical injury. See *United States v. Sandoval*, 390 F.3d 1077, 1081 (9th Cir. 2004) (under the categorical approach, Third Degree Assault does not qualify as a "crime of violence," as that term is defined in U.S.S.G. §4B1.2, because under Washington law, it is possible to commit Third Degree Assault "through an unlawful touching that does not involve substantial physical force or seriously risk physical injury"). In Washington, there are three common law definitions of assault, one of which is intentional touching, striking, cutting, or shooting of another person, with unlawful force, that is harmful or offensive regardless of whether any physical injury is done to the person. *State v. Smith*, 159 Wn.2d 778, 781, 154 P.3d 873 (2007); Washington Criminal Pattern Jury Instruction 35.50.

The Affidavit of Probable Cause appended hereto is referred to in the "Plea Agreement" which the Defendant signed in conjunction with his conviction under RCW 10.99.040. In the "Plea Agreement," a box is checked next to Paragraph 2B "Sentencing Facts" which states: "Facts to be considered for imposing a standard range sentence are as set forth in the affidavit(s) of probable cause filed herein." (Ex. B to Ct. Rec. 30 at p. 13). An "Appendix C To Plea Agreement" says the identical thing at Paragraph B which is also "checked." (*Id.* at p. 16). A "Plea Agreement" is one of the enumerated court documents the court can rely upon to show a conviction entailed an admission to, or proof of, the necessary elements of a "crime of violence." Here, the Affidavit of Probable Cause was incorporated by reference into the "Plea Agreement" with the consent of the Defendant who agreed that the facts contained in the affidavit could be used for the purpose of sentencing him in Snohomish County Superior Court. The Affidavit is "a record of comparable findings of fact adopted by the defendant upon entering the plea."

**MEMORANDUM OPINION -    3**

The Affidavit unequivocally establishes that Defendant was convicted of a "crime of violence" involving use of substantial physical force or serious risk of physical injury

Accordingly, Defendant's Base Offense Level is 20 pursuant to U.S.S.G. §2K2.1(a)(4)(A), and his Total Offense Level is 17 after a three level reduction for acceptance of responsibility pursuant to U.S.S.G. §3E1.1. The resulting guideline range is 30-37 months based on a Criminal History Category of III.

The District Court Executive shall provide copies of this Amended Memorandum Opinion to counsel and to the U.S. Probation Office.

**DATED** this 20th day of October, 2008.

_____
LONNY R. SUKO
United States District Judge

**MEMORANDUM OPINION -    4**

FILED

97 DEC 12 PH 2:54

PAM L. DANIELS
COUNTY CLERK
SNOHOMISH CO. WASH.

SUPERIOR COURT OF WASHINGTON
FOR SNOHOMISH COUNTY

THE STATE OF WASHINGTON, )
)
            Plaintiff, )  No. 97-1--0202-4  02024-1
)
v. )  AFFIDAVIT OF
)  PROBABLE CAUSE
HESSDORFER, LENNON RAY, )
)
            Defendant. )

97-1-02024-1        2

Aliases:

Other co-defendants in this case:

AFFIDAVIT BY CERTIFICATION:

The undersigned certifies that I am a Deputy Prosecuting Attorney for Snohomish County, Washington, and make this affidavit in that capacity; that criminal charges have been filed against the above-named defendant(s) in this cause, and that I believe probable cause exists for the arrest of the defendant(s) on the charges because of the following facts and circumstances:

According to police reports, witness statements, and evidence gathered by the Edmonds Police Department, on 12-9-1997, the defendant assaulted Shari Keith, the protected party named in a valid no contact issued out of Edmonds Municipal Court.

The no contact order was issued on April 21, 1997 and is still in effect.

This incident occurred at 8201 Lake Ballinger, apartment #3, Edmonds, Snohomish County, Washington.

The victim is five months pregnant.

The victim writes in her statement that she asked the defendant about a drink of his beer that he had been hiding. He argued with her and said he should just hit her, then he pushed her into the kitchen wall. She pushed him off of her. He continued to push her, then hit her in the face several times. He pushed her onto the sofa to were she couldn't breath for about one to two minutes. Then she tried to get him out of the apartment. He wouldn't go so she tried to leave. He still pushed and hit her again. Finally she go out and called 911.

Officer Cameron responded to the 911 call. Dispatch advised the caller was in Apartment #16, and the male half had left on foot, possibly en route to Scott's or Coco's Restaurant. Dispatch also advised of a valid no contact order in effect.

Officer Cameron located the defendant inside Coco's. He smelled of alcohol. He said he was at his apartment when the victim had come by and started "hassling" him, so he left. He agreed to return to the location of the incident.

Affidavit of Probable Cause, Page 1 of 1
St. v HESSDORFER, LENNON RAY
PA197F04151

Snohomish County Prosecuting Attorney
S:\forms\chrg\deadline.pkg
VIO/HMK/nav

Upon arrival Officer Cameron observed the living room coffee table was broken as well as a statuette, and a couch pillow was laying across the eating area. In general the apartment wa neat and well kept. Clearly both parties had been residing in the apartment. She told the officer what happened. Aid was called to check on the victim due to the location of the stomach punch. She was not transported to the hospital.

Officer Isackson took photographs of the victim. Her face was red and puffy. Welts had started to rise up. A mark on her neck had also started to bruise.

The defendant has no felony convictions. However, he has a April 1996 Assault 4 conviction, May 1996 Assault 4 arrest, April 1, 1997 Assault 4 arrest, and an April 18, 1997 Assault 4 arrest which resulted in a Conviction. Based on the victim's pregnancy, and the recent domestic violence history, the state would respectfully request bail be set at $20,000.

I certify (or declare) under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

_____
HELENKA M. KOLTONOWSKA, #23172
Deputy Prosecuting Attorney

DATED December 12, 1997, at the Snohomish County Prosecutor's Office.

Affidavit of Probable Cause, Page 2 of 2
St. v RESSDORFER, LENNON RAY
PA897F04151

Snohomish County Prosecuting Attorney
S:\forms\chrg\deadline.pkg
YIO/HHX/env